**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**Waco Division**

| | | |
|---|---|---|
| **WENO EXCHANGE LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 6:20-cv-00129** |
| **v.** | ) | |
| | ) | |
| **REDWOOD HCA LLC,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff WENO Exchange LLC ("WENO"), by counsel, in support of this Complaint against Defendant Redwood HCA LLC ("Defendant") states as follows:

### NATURE OF THE ACTION

1.      This is a civil action for trademark infringement under the Lanham Act, false advertising under the Lanham Act, breach of contract, unjust enrichment, conversion, tortious interference with business relationship, unfair competition, and for declaratory judgment.  As a direct and proximate result of Defendant's actions, WENO has been harmed and, absent relief from this Court, will continue to be harmed.

### JURISDICTION AND VENUE

2.      This Court has personal jurisdiction over Defendant because Defendant has sufficient contacts with this forum as a result of business regularly conducted within the State of Texas and within this district. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful contact with the State of Texas.

3.      This Court has both federal question and diversity subject matter jurisdiction over this case.

4.      This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court further has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because WENO is a citizen of Texas and Defendant is a citizen of Florida. Thus, there is complete diversity, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.      This Court has supplemental jurisdiction over the claims in this Complaint which arise under state and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims derive from a common nucleus of operative facts and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in this judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims set forth in this Complaint occurred in this District.

**THE PARTIES**

8.      WENO is a Texas limited liability company with a principal place of business in Austin, Texas.

9.      Defendant is a Florida limited liability company with a principal place of business in Jupiter, Florida.  Defendant may be served through its resident agent PWA Financial Services, 146 Cat Rock Lane, Jupiter, FL 33458.

## FACTS COMMON TO ALL COUNTS

**WENO and the BSURE® Card**

10.     WENO works with electronic health record systems, prescribers, and pharmacies to provide e-Prescribing and prescription benefit programs.  Part of WENO's prescription benefit program includes prescription savings cards (also known as "consumer cards," "point of sale cards," "Rx savings cards, "Rx cards," "discount cards," "cash cards," etc.).

11.      "E-Prescribing," health care providers have the ability to enter prescription information into a tablet, laptop, or desktop computer and securely transmit a patient prescription to pharmacies allowing the pharmacy to begin filling the prescription quickly and reducing medication and prescription errors.

12.     WENO brands its prescription savings card using the valuable "BSURE®" brand name (the "BSURE® Card" herein).  The BSURE® mark is used in the Group ID by medical providers who send e-prescription data to pharmacies, which in turn is tied to the BSURE® Card as a branded discount program for consumers.  The pharmacy was then able to use the information submitted for the BSURE® Card to adjudicate a claim related to WENO's BSURE® prescription benefit program.  A photo of the BSURE® Card is shown below and is available for a card-holding patient's download at WENO's website, <https://wenoexchange.com/>:



13.     The BSURE® Card allows WENO to monitor historical e-Prescribing data from electronic health record (EHR) software vendors.  This monitoring allowed WENO to ensure the BSURE® Card was being used in such a way to provide the discount to patients and that it was being properly entered by pharmacies.

14.     As pharmacies grew to trust the monitoring and service provided in association with the BSURE® Card, those pharmacies became more likely to process claims on the BSURE® Card and make a claim to the pharmacy benefits manager (PBM), thus increasing the value of the card to both consumers and pharmacies.

15.     WENO's monitoring of the BSURE® Card allowed WENO to report usage data to the PBM and EHR regarding the pharmacy's compliance with applying the BSURE® Card.  The compliance monitoring and reporting reduced non-compliant pharmacies (not honoring the discount) and worked to the benefit of all of the prescribers, EHR vendors, and patients; thus having a significant advantage over other similarly-branded pharmacy cards, as the BSURE® Card would be more often applied for the pharmacy benefit.

16.     The value of the BSURE® mark is derived in part through the use of the BSURE® mark on billing statements to pharmacies and as part of the coding system used for payment between pharmacies and PBMs.

17.     The BSURE® mark is a registered as a valid trademark with the United States Patent and Trademark Office (USPTO) Registration No. 4,982,883, issued on June 21, 2016, which Registration is valid and subsisting.  A true and accurate copy of the BSURE® Registration is attached hereto as "Exhibit A."

**WENO's Relationship with Defendant**

18.     On September 30, 2016, Mr. Perry Anton, an officer of Defendant ("Mr. Anton"),

emailed WENO the following:

> Hi Tina
> I was wondering if its (sic) possible with your exclusive in place, could you
> offer me a "private label" of your BSure software program to support my rx
> card?
> Perry Anton
>
> A true and accurate copy of this email is attached hereto and incorporated
> herein as "Exhibit B."

19.     Based on this email correspondence, WENO and Defendant began negotiating a

license for Defendant to use the BSURE® mark on its RX cards.  Part of the negotiations also

focused on a planned development of a durable medical equipment (DME) deal between

Defendant and WENO.

20.     These negotiations included using Citizens RX ("Citizens RX"), a pharmacy

benefits management system, for the BSURE® Card's claim processing.

21.     In an email dated April 17, 2017 (while negotiations related to the BSURE® Card

were still ongoing), Mr. Anton specifically stated as below:

> "The RX Card deal can be **a separate agreement**, we can handle this when
> we get to that point."
>
> A true and accurate copy of this email is attached hereto and incorporated
> herein as "Exhibit C."  (emphasis added)

22.     Per the terms of the agreement between Defendant and WENO, WENO would earn

$4.00 per claim made on the BSURE® Card used by Defendant.  This amount was confirmed in

an email from Mr. Anton dated June 1, 2017.  A true and accurate copy of this email is attached

hereto and incorporated herein as "Exhibit D."

23.     The pharmacy submitting the claim to Citizens RX would pay $6.00 to adjudicate the claim.  From that amount, Citizens RX would keep $1.00 and pay out $5.00 to Defendant. Defendant would then take $1.00 for each claim adjudicated and transfer the remaining $4.00 to WENO for the use of the BSURE® mark.

24.     Citizens RX would handle the pharmacy "BIN" number, and the BSURE® group codes (BSURE, BSURE1-500, and BSURERx) would be applied under the Citizens RX BIN number.

25.     Prior to using the BSURE® mark on the BSURE® Card, Defendant stated that it received Citizens RX's approval to assign BSURE® for the group IDs "BSURE," BSURE 1-500 and "BSURERX."

26.     The BSURE® Card was activated and started earning in June 2017, with a payment from Citizens RX to Defendant on July 14, 2017.

**Proposed DME Deal Between Defendant and WENO**

27.     After the BSURE® Card began earning, Defendant and Mr. Anton turned back to a potential deal for a DME program with WENO.

28.     While terms had originally been proposed in the April 17, 2017 email referenced in ¶ 17, *infra*, a new proposal from Defendant was not sent to WENO or forwarded to WENO's board until August 24, 2017.  Relevant information includes:

> "5. Redwood's (sic) to be exclusive sales partner/biz dev etc for WENO DME propgram (sic) and will receive guarnteed (sic) payments starting 1st year and declining yearly till 5th year,(40%/30%/20%/10%/7.5% into perpetuity).   WENO will add Redwood to operating agreement via addendum identifying services, guaranteed fee's, exclusivity etc etc."
>
> A true and accurate copy of this email is attached hereto and incorporated herein as "Exhibit E."

29.     There is no reference in the August 24, 2017 email to the BSURE® Card or a contingency of the potential DME deal to continued use of the BSURE® Card and receipt of claims.

30.     Negotiations continued through 2018, but no deal for DME distribution and sales was ever reached.

31.     Purportedly on the excuse that the DME deal with WENO was not achieved, Mr. Anton sent the following email on October 19, 2018:

> Tina Goodman Had meeting with Redwoods board yesterday and it appears that WENO wants out of our initial DME agreement that WENO's board verbally approved on conference call between our companies on 4/17/17. This deal is not being honored in good faith. Redwood was offered by WENO's Board an Exclusive Agreement to include 40/30/20/10/7.5% of any DME FEE's generated into perpetuity (sic) (that's after any EHR/VGM incentives paid). These fee's were to be paid along with a 15% "Equity kicker Earned Out" using $.080 per share at a $2.4MM cost basis for 3 million shares at ($16MM Company Valuation). This was our deal, along with a board seat!!!. FYI even though this valuation was WAY WAY WAY overpriced based on WENO's """$109K""" earnings in 2016, I still agreed to deal!!!!! So WENOs value is commanding Appx 160X EBITDA, wow. WENO really is the most amazing "Super" company... Oops sorry for that truthful comment. **Anyways your answer is requested by days end Tues Oct 23rd, or ANY & ALL prior "verbal" agreements between WENO/REDWOOD will be considered null and void, and this includes "Rx cash card"!!!** WENO currently is now and has ALWAYS been 100% unhindered from taking it's Rx cash card clients Anywhere at ANYTIME since its start date of July 2017. Redwood saved WENO from serious financial damage caused by a bad "EXCLUSIVE" AGREEMENT WITH OPTUM PBM, and to be clear, Redwood didn't need WENO's biz and bent over backwards and sideways to accommodate. Redwood as a company is currently way to busy and valuable to provide it's company contacts/resources for "UNPROVEN" projects/risks, such as WENO's unproven DME startup adventure that has $0 revenue....... Time is $ and Redwood has no more time REnegotiating basic terms. **If WENO would prefer a 1 time buyout offer for this wonderful position at a fantastic price then Redwood would """"""SETTLE"""""" and waive all rights for $300K paid by Dec 31st....** This really is an amazing DISCOUNTED buyout price for your board and company esp based off your company value. With all that said, your being advised to find a new PBM immediately to avoid any interruptions in service.

A true and accurate copy of this email is attached hereto and incorporated herein as "Exhibit F."  (emphasis added)

32.     After WENO proposed a new settlement offer on October 22, 2018, Mr. Anton

wrote back on October 23, 2018 rejecting the offer and making a counter-offer, stating:

> Redwoods board has rejected your offer and will not be moving forward with DME opportunity in co-op with WENO. > > Redwoods board has agreed to the following final settlement offer. This offer will most definitely benefit WENO to be much more profitable and this is in your shareholders best interest. Redwood has brought this opportunity as far as it could and WENO is now in a much more valuable position.... > > Final Settlement offer: Weno to pay $300k to Redwood by Dec 31, 2018 for services rendered. For said fees, Redwood will waive any and all future (compensation/equity) exclusive rights associated with WENO's DME program. > > Redwood will also provide WENO an exclusive Rx card services agreement into perpetuity (sic). > > Response requested by Friday 5pm EST. Suggestion, get funds from new or current shareholders. >

> A true and accurate copy of this email is attached hereto and incorporated herein as "Exhibit G."

33.     WENO followed up on October 24, 2018 to remind Defendant that the BSURE®

mark was used and, as such, WENO was entitled to receive compensation for its trademarked

name.  In relevant part, the email states as follows:

> While Redwood and WENO had intentions of making a new kind of agreement for DME sales that doesn't seem to be going well, **the use of the trademark is a distinct agreement and will continue to require $4 per paid pharmacy claim while it is used and certainly while Citizens and Redwood each are making money on its utilization.** I noticed that WENO has stopped receiving the daily reports for these rx savings card with BSURE in the group number, please provide the missing ones. If Redwood or Citizens continue to use and benefit from BSURE in the rx savings card claims then WENO will continue to expect payment for these claims in the same manner as we have historically been paid in the past, including a daily report and monthly report of all paid claims that utilize the trademark in the group number. I have copied Ken Saks, our attorney, member, and board member of Weno Exchange LLC on this notice to you. I continue to want to resolve any disputes between our companies as I have stated many times before. This notice serves as a formal reminder of our legal rights as owners of the BSURE trademark, since Redwood has hinted in previous emails that

they may interrupt the rx savings card claim payments to WENO. Redwood has also recently demanded a large $300,000 payment from WENO for services that have never been identified, received, or agreed to by WENO in any communication. If Redwood does not continue to provide the daily and monthly claim utilization reports and payments as WENO is accustomed to, then WENO will fully exercise their legal rights for Citizens and Redwood using and benefiting from the BSURE trademark. If Redwood would like to work with WENO to resolve our differences and come up with a way to end our business relationship then WENO is willing to do this.

A true and accurate copy of this email is attached hereto and incorporated herein as "Exhibit H."(emphasis added)

34.     While no further agreement was reached, October 2018 claims were eventually paid from Defendant to WENO on December 7, 2018.

35.     On April 29, 2019, Mr. Anton sent an email to WENO stating that Citizens RX claims would require a new BIN number.  A true and accurate copy of this email is attached hereto and incorporated herein as "Exhibit I."

36.     WENO would not agree to change the BIN number because that was the identification under which BSURE® claims were made and paid.  If the BIN number was changed, Defendant would continue to receive payment for these claims from Citizens RX but would not pay the agreed-upon $4.00 per claim to WENO.

**Further Deterioration of Relationship and Breach of Contract**

37.     On May 30, 2019, Defendant's attorney sent a letter to WENO purportedly claiming to end the BSURE® Card agreement between WENO and Defendant based on WENO's alleged failure to:

honor the aforesaid deal (DME and business development deal), which was the basis for the favorable terms offered for the RX discount card, Redwood is no longer able to provide you with the RX discount Card services.  Please be advised that the discount card services to WENO will be terminated in 30 days from the date of this letter.

A true and accurate copy of this letter is attached hereto and incorporated herein as "Exhibit J."

38.     Despite sending this letter, Defendant continued to use the BSURE® mark in the group ID on its pharmacy discount cards, meaning that claims continued to be processed and paid to Defendant for the BSURE® Card.

39.     Defendant failed to make further payments to WENO despite continued use of the BSURE® Card.  Even taking into account the alleged thirty-day notice provided in the May 30, 2019 letter, WENO would still be entitled to payment for June 2019 claims.

40.     Defendant continues to refuse to provide the data to WENO regarding the number of claims made under the BSURE® Card and payments for the same.

41.     Defendant's continued unauthorized use of the BSURE® mark has unjustly enriched Defendant through continued payment for these BSURE® claims.

**Citizens RX and Direct Contracting Not Possible without Court Intervention**

42.     WENO reached out directly to Citizens RX to explain the situation and ask if WENO could contract with Citizens RX directly for BSURE® claims.

43.     Citizens RX explained that they could not pay WENO directly unless Defendant would agree to release the BSURE® Group IDs or a Court ordered them to do so.

44.     Despite multiple attempts and letters to counsel for Defendant, Defendant has failed to consent to a release of WENO's BSURE® mark.  WENO thus has no other option to protect its intellectual property and to remedy the harm done than to petition this Court for relief of the same.

45.     The Defendant is likely to continue to commit the acts complained of herein and cause WENO irreparable harm.

## Count I
### (Federal Trademark Infringement under 15 U.S.C. §§ 1114 and 1117)

46.     WENO repeats and re-alleges each and every allegation in the proceeding paragraphs as if fully set forth herein.

47.     Defendant continues to use the BSURE® mark and BSURE® Card for pharmaceutical claims despite breaching the agreement between WENO and Defendant to pay WENO a share of all claims processed under the BSURE® Card.

48.     Defendant knowingly continues to use the BSURE® mark, which is identical to WENO's registered BSURE® name.

49.     With full knowledge and awareness of WENO's ownership of its BSURE® mark, Defendant has used and continue to use "BSURE®" in interstate commerce in a manner likely to cause confusion, or to cause mistake, or to deceive the public as to the source, sponsorship, or approval of their marks, products, goods and services.

50.     With full knowledge and awareness of WENO's ownership of its BSURE® mark, Defendant has received and continues to receive money from the BSURE® Card without paying WENO for the use of the BSURE® mark.

51.     Defendant's infringement of WENO's BSURE® mark is willful and deliberate and deprives WENO of the benefit of the goodwill and reputation affiliated with the BSURE® mark, in violation of 15 U.S.C. § 1114(1).

52.     WENO has no adequate remedy at law against Defendant's trademark infringement.

53.     WENO has suffered immediate and irreparable harm by virtue of Defendant's infringement and will continue to be harmed unless granted relief by this Court.

54.     This is an extraordinary case of willful infringement because Defendant has willfully and maliciously continued its infringement of the BSURE® mark despite actual notice and knowledge of WENO's mark and requests to cease and desist using it.

55.     Defendant's acts entitle WENO to damages for all of Defendant's profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), along with attorneys' fees and costs for its willful infringement.

## Count II
### (False Advertising and False Designation of Origin under 15 U.S.C. § 1125(a))

56.     WENO repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

57.     Defendant has continued to sell and present services to third parties without authorization from WENO under various marks that infringe upon WENO's rights in the BSURE® mark, despite purporting to end the BSURE® Card deal between WENO and Defendant.

58.     Defendant has received and continues to receive money from the BSURE® Card without paying WENO for the use of the BSURE® mark.

59.     With full knowledge and awareness of WENO's ownership of its BSURE® mark, Defendant's use of WENO's mark constitutes a false designation of origin or false misrepresentation in commercial advertising and promotion that is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendant with WENO, or as to whether WENO has sponsored, approved or authorized Defendant's services or is otherwise connected to or affiliated with it, all in violation of 15 U.S.C. § 1125(a).

60.     Defendant's acts of unfair competition are willful and deliberate and deprive WENO of the benefit of its BSURE® brand name, goodwill and reputation.

61.     WENO has suffered damage and immediate and irreparable harm by virtue of Defendant's actions and will continue to be harmed unless granted relief by this Court. WENO has no adequate remedy at law against Defendant's false advertising and false designation of origin.

62.     This is an extraordinary case of willful infringement because Defendant has willfully and maliciously continued its infringement of the BSURE® mark despite actual notice and knowledge of WENO's mark and requests to cease and desist using it.

63.     Defendant's acts entitle WENO to damages for all of Defendant's profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), along with attorneys' fees and costs for its willful actions.

## Count III
### (Breach of Contract)

64.     WENO repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

65.     Through emails spanning nearly nine (9) months, WENO and Defendant reached an agreement for use of the BSURE® Card.  This agreement was a valid, enforceable contract between WENO and Defendant and provided for, among other provisions, payment to WENO of $4.00 for every claim processed under the BSURE® Card.

66.     WENO is the proper party to sue for breach of contract.

67.     WENO performed its contractual obligations, namely, providing the BSURE® mark for Defendant's private card.

68.     Defendant breached the agreement to WENO by failing to pay WENO's $4.00 share of claims on the BSURE card from June 2019-present.  Such breach is ongoing.

69.     As a direct and proximate result of Defendant's breaches, WENO has suffered, and will continue to suffer, irreparable harm and damages in an amount above the jurisdictional limits of this Court.

## Count IV
### (Unjust Enrichment, in the Alternative)

70.     WENO repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

71.     In the alternative, should the Court find that there was no contract between Defendant and WENO, WENO alleges that Defendant has been unjustly enriched by its use of the BSURE® mark without payment to WENO for the same.

72.     WENO conferred a benefit on Defendant by allowing Defendant to use the BSURE® trademark on its pharmacy card.

73.     Defendant encouraged WENO to invest its time and trademark rights into the BSURE® Card, were aware of WENO's actions in this regard, and knowingly accepted the benefits flowing from the same.

74.     With full knowledge and awareness of WENO's ownership of its BSURE® mark, Defendant continues to use the BSURE® mark without any compensation to WENO for the same.

75.     There was no assignment or transfer of ownership of the BSURE® mark from WENO to Defendant.

76.     Defendant has retained and will continue to retain this benefit to WENO's detriment, in a manner where the result is unconscionable.

77.     Due to its actions, as described above, Defendant has been unjustly enriched at WENO's expense.

78.     Defendant is therefore required to make restitution to WENO for such unjust enrichment.

79.     As a direct and proximate result of Defendant's actions, WENO has suffered, and will continue to suffer, irreparable harm and damages in an amount above the jurisdictional limits of this Court.

**Count V**
**(Conversion)**

80.     WENO repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

81.     Defendant exercised wrongful dominion and control over, and thereby converted, WENO's BSURE® mark as a result of its ongoing use of this BSURE® mark on the BSURE® Card without WENO's consent for the same.

82.     WENO is unable to enter into a direct relationship with Citizens RX for payment for the BSURE® Card due to Defendant's continued use of the BSURE® mark.

83.     As a direct and proximate result of Defendant's conversion, WENO has suffered, and will continue to suffer, irreparable harm and damages in an amount above the jurisdictional limits of this Court.

**Count VI**
**(Tortious Interference with Potential Business Contract)**

84.     WENO repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

85.     WENO attempted to contract with Citizens RX to receive payment directly for claims made on its BSURE® Card for use of its BSURE® mark.

86.     Defendant knowingly continued to use the BSURE® mark despite knowledge of WENO's ownership of the same.

87.     Defendant's unauthorized use and conversion of the BSURE® mark barred WENO's attempt to contract directly with Citizens RX.

88.     As a direct and proximate result of Defendant's conversion, WENO has suffered, and will continue to suffer, irreparable harm and damages in an amount above the jurisdictional limits of this Court.

**Count VII**
**(Declaratory Judgment)**

89.     WENO repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

90.     Defendant continues to use the BSURE® trademark owned and operated by WENO.

91.     Pursuant to 22 U.S.C. § 2201, WENO requests that the Court declare the parties' rights and status in connection to the intellectual property associated with the BSURE® mark and the BSURE® Card. Specifically, WENO requests that this Court enter a declaratory judgment that Defendant has no interest as an owner, assignee, licensee, or through any other legally recognized manner in any intellectual property associated with the BSURE® mark and the BSURE® Card.

**Prayer for Relief**

WHEREFORE, WENO respectfully requests the Court to order, adjudge and decree as follows:

A.      Defendant, and each of its agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation with it be restrained, preliminarily, perpetually and permanently from:

1.      Using in any manner the infringing mark or BSURE® mark, alone or in combination with any other word or words, or using the BSURE® mark or other words or symbols which so resemble any words, names or symbols of said mark as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale or sale of any product or service which is not distributed or otherwise expressly authorized in writing by or for WENO;

2.      Attempting to or passing-off, or inducing or enabling others to sell or pass-off, any product or service as a product or service affiliated with or sponsored by WENO, which product is not produced under the control and supervision of WENO and expressly approved by WENO for sale under the BSURE® mark;

3.      Committing any acts calculated or intended to cause purchasers to believe falsely that any of Defendant's unauthorized products or services are associated with, sponsored by, approved by, guaranteed by, connected with or produced under the control and supervision of, or within the express written permission of, WENO;

4.      Otherwise competing unfairly with WENO in any manner;

5.      Obtaining, possessing, shipping, delivering, distributing, returning or otherwise disposing of in any manner advertising materials,

17

goods, products, services, software or inventory bearing the BSURE®
mark, alone or in combination with any other word or words, which
materials, goods, products or services were not manufactured by or for
WENO or expressly authorized in writing by WENO to be used, sold or
offered for sale in association with or bearing said mark;

6.     Continuing to perform in any manner whatsoever any infringing
acts.

B.     Defendant, its agents, servants, contractees and all others acting in concert
or privity with it, be preliminarily and permanently enjoined from displaying, selling or
manufacturing any products or services using the name, mark or logo BSURE® or any variation
of BSURE® or a confusingly similar mark.

C.     WENO be awarded compensatory damages against Defendant in an amount
to be determined at trial, plus costs of suit, reasonable attorneys' fees, and pre-judgment and post-
judgment interest at the statutory rates;

D.     Award WENO all gains, revenues and profits derived by Defendant from
its wrongful use or infringement of the BSURE® mark;

E.     Award WENO a reasonable royalty for Defendant's wrongful and
infringing use of a mark confusingly similar to the BSURE® mark;

F.     Award WENO its pre- and post-judgment interest, and all costs, statutory
damages, attorneys' fees, and investigator's fees incurred in this matter (*see* Lanham Act; F.S.
§ 501.201 *et seq.*);

G.     Defendant be required to deliver immediately to WENO or its attorneys for
destruction any and all brochures, circulars, labels, signs, prints, packages, wrappers, advertising

matter, promotional and other material in its possession or control bearing the BSURE® mark, alone or in combination with any other word or words, or any other words or symbols which so resemble said Mark as to be likely to cause confusion, mistake or deception, which can be used in connection with the advertising, offering for sale, or sale of any product or service which is not manufactured, distributed, or expressly authorized in writing by WENO.

H.    Defendant be required to deliver immediately to WENO or its attorneys for destruction any and all disks, tapes, computer graphics files, molds, plates, screens, graphics, matrixes, patterns and any other means of making simulations, reproductions, counterfeits, copies or colorable imitations of the BSURE® mark.

I.    Defendant be required to pay damages in an amount to be determined at trial for breach of contract, including attorneys' fees, costs and punitive damages as allowed by state law.

J.    Defendant be required to pay restitution for its unjust enrichment for ongoing use of the BSURE® mark in an amount to be determined at trial, including attorneys' fees, costs and punitive damages as allowed by state law.

K.    Defendant be required to pay damages for tortious interference with WENO's prospective business contract with Citizens RX, including attorneys' fees, costs and punitive damages as allowed by state law.

L.    That the Court find and declare that WENO is the rightful and sole owner of the BSURE® mark.

M.    For all such other and further relief as this Court deems just and proper.

**JURY DEMAND**

      **Plaintiff demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.**

Dated: February 18, 2020

Respectfully submitted,

By: /s/ Thomas M. Dunlap_____

Thomas M. Dunlap (Admitted W.D. Tex./VA Bar No. 44016)
David Ludwig (Admitted W.D. Tex./VA Bar No. 73157)
Dunlap Bennett & Ludwig PLLC
8300 Boone Blvd., Suite 550
Vienna, Virginia 22182
(703) 442-3890 (t)
(703) 777-3656 (f)
tdunlap@dbllawyers.com
dludwig@dbllawyers.com
ecf@dbllawyers.com

Erick Robinson
Texas Bar No. 24039142
Dunlap Bennett & Ludwig PLLC
7215 Bosque Blvd.
Waco, Texas 76710
(254) 870-7302 (t)
(713) 583-9737 (f)
erobinson@dbllawyers.com

*Attorneys for WENO Exchange LLC*