## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **WENO EXCHANGE LLC,** §<br>*Plaintiff,* § | | |
| § | | |
| *v.* § | | 6:20-CV-00129-ADA |
| § | | |
| **REDWOOD HCA LLC,** § | | |
| *Defendant*. § | | |
| § | | |

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Redwood HCA LLC's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3), which was filed on April 29, 2020. Def.'s Mot. Dismiss, ECF No. 12. Plaintiff WENO filed its Response on May 13, 2020. Pl.'s Resp., ECF No. 14. Redwood filed its Reply on May 20, 2020. Def.'s Reply, ECF No. 15. For the reasons described herein, the Court finds that Redwood's Motion to Dismiss should be **DENIED**.

### I. FACTUAL BACKGROUND

WENO filed the instant action against Redwood on February 18, 2020, alleging trademark infringement and false advertising under the Lanham Act, breach of contract, unjust enrichment, conversion, tortious interference with a business relationship, and unfair competition. Pl.'s Compl. at ¶ 1, ECF No. 1. In addition, WENO requests declaratory relief. *Id.*

WENO is a Texas limited liability company that operates a prescription benefit program. *Id*. WENO brands its prescription savings card using the federally registered trademark BSURE. *Id*. When pharmacy customers use a BSURE branded card, the pharmacy internally notes the BSURE group IDs. *Id.* Then, Citizens RX, a pharmacy benefits management system, processes the pharmacy claims. *Id*.

Redwood is a Florida limited liability company. *Id*. The sole member and officer, Perry Anton, emailed WENO on September 18, 2016 interested in a licensing agreement for the use of the BSURE mark on Redwood's pharmacy benefits card. *Id*. As part of the agreement reached on June 1, 2017, Redwood would receive $1.00 for each claim adjudicated by Citizens RX and WENO would receive $4.00. *Id*. The negotiations included discussion of a durable medical equipment (DME) deal between the parties. *Id*. After unsuccessful negotiations for a DME deal, Redwood ceased apportioned payment to WENO. *Id.* According to WENO, Redwood continues to use the BSURE mark on its pharmacy discount cards without remitting payment. *Id*.

## II. LEGAL STANDARDS

### A. Specific Personal Jurisdiction

On a motion to dismiss, the burden of establishing personal jurisdiction rests with the plaintiff. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). The plaintiff need only make a prima facie showing of personal jurisdiction to survive a motion to dismiss. *Id.* Courts resolve factual conflicts in favor of the plaintiff. *Id*.

The United States Constitution limits the exercise of personal jurisdiction. Due process requires a nonresident defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Personal jurisdiction may be general or specific. Courts may exercise specific personal jurisdiction "[w]hen a controversy is related to or 'arises out of' a defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984). Importantly, "[t]he unilateral activity of [a plaintiff] who claim[s] some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 222 (5th Cir. 2012) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

In deciding whether the exercise of specific personal jurisdiction comports with due process, The Fifth Circuit analyzes three factors: "(1) whether the defendant . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). "If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

**B. Improper Venue**

A party may move to dismiss a claim for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). For all civil actions that invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, venue is proper in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b)(1)–(3). If a case does not fall within one of the three provisions, venue is improper, "and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Tex.,* 571 U.S. 49, 56

(2013). Once a defendant challenges venue, "the plaintiffs have the burden to prove that the chosen venue is proper." *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013) (citation omitted). On a Rule 12(b)(3) motion to dismiss for improper venue, the court must view all the facts in a light most favorable to the plaintiff. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009). "Thus, a plaintiff may show that venue is proper by 'setting forth facts that taken as true would establish venue.'" *Zurich Am. Ins. Co.*, 982 F. Supp. 2d at 719; *see also Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

### III. ANALYSIS

The Court finds that WENO made at least a prima facie showing of Redwood's minimum contacts with the forum state. WENO's claim arises out of those contacts. Redwood initiated contact with the forum, negotiated business arrangements by sending electronic and actual mail to the forum, and marketed the BSURE mark to at least some Texas consumers and Texas pharmacies. Redwood does not carry its burden of showing that this Court exercising jurisdiction would offend traditional notions of fair play and substantial justice. This District is a proper venue because a substantial part of the events giving rise to WENO's claim occurred in this District.

**A. Personal Jurisdiction**

WENO contends that Redwood has sufficient minimum contacts with Texas to confer this Court's jurisdiction. Pl.'s Resp. at ¶ 10. First, WENO argues that Redwood initiated contact with the forum by email to engage in a business venture. *Id.* Specifically, WENO alleges that Redwood entered into a licensing agreement by email, negotiated other ventures by email, and Redwood knew of WENO's location in the forum. *Id.* Second, WENO argues that Redwood

continues to use WENO's trademark without remitting payment to WENO. *Id.* at 12. WENO contends this fact is significant because the branded card is being used by Texas consumers and Texas pharmacies. *Id.*

On the other hand, Redwood makes several arguments to support its contention that Redwood did not "purposefully avail" itself to the forum. Def.'s Reply. First, Redwood argues that the WENO-Redwood contract is insufficient to confer this Court's jurisdiction. *Id.* Specifically, Redwood contends that Redwood initiating contact with the forum is not relevant to the minimum contacts analysis, that Redwood has no other contacts with the forum, the agreement did not require performance in the forum, and the forum was not the "focal point of the agreement." *Id.* Second, Redwood argues that mere allegations of injury without minimum contacts are insufficient to confer personal jurisdiction. *Id.* at 3.

Additionally, Redwood makes several arguments about the "contacts" WENO relies on in its Response. *Id.* at 5–10. Specifically, Redwood argues that sending mail or money to a Texas entity is insufficient to confer personal jurisdiction, the alleged tortious conduct "clearly" did not occur in Texas, and the "hypothetical" future agreement between WENO and Redwood is not relevant to the minimum contacts analysis. *Id.*

Based on the arguments above, the Court finds that WENO has made at least a *prima facie* showing that Redwood has purposefully availed itself of the benefit of the Texas market, and WENO's claim arises out of those activities. Looking at the combination of Redwood's activities, Redwood directed its business activities at the forum by soliciting a licensing deal from Texas-based WENO, entering into an agreement with Texas-based WENO, negotiating future business with Texas-based WENO, and performing under the agreement by communicating, mailing information, and paying Texas-based WENO in the forum state. While

Redwood tries to weaken each of these activities in its Reply, it focuses on each activity independently. A contract alone is not *necessarily* sufficient. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (emphasis added). However, conduct leading up to the contract, and the obligations under that contract are sufficient to create personal jurisdiction. *Id.* Moreover, the causes of action asserted by WENO rely on the facts asserted above. Therefore, the controversy is related to or "arises out of" Redwood's contacts with Texas. *Helicopteros,* 466 U.S. at 414.

Redwood argues that this Court exercising jurisdiction over Redwood would be unfair and unjust. Def.'s Mot. To Dismiss at 14. Redwood does not meet its burden of proof to establish that personal jurisdiction over Redwood offends traditional notions of fair play and substantial justice. Specifically, Redwood relies on the fact that it is located 1,200 miles from the forum state. Otherwise, Redwood states that all other factors are "at worst, neutral." *Id.* at 14. Because Redwood does not overcome this heavy burden of proof, the Court finds that an assertion of personal jurisdiction in this District is not unreasonable or unfair.

**B. Improper Venue**

WENO argues that a substantial part of the events giving rise to its claims occurred within this judicial district. Pl's Resp. in Opp. to Motion at 15. Redwood relies on *Nuttall v. Juarez*, asserting the fact that that an infringement *may* have occurred in this state is insufficient for venue purposes. Def.'s Mot. To Dismiss at 16. Rather, WENO must establish that an act of infringement occurred in this judicial district. *Id.* WENO alleges that the BSURE mark was used, due to Redwoods actions, at pharmacies within this district. Pl.'s Resp. in Opp. Ex. B, at 2. Therefore, the facts resolved in favor of WENO, support that an act of infringement occurred within this judicial district. Furthermore, WENO alleges that the party's contract was formed by email delivered to a company within this district, terminated by mail delivered to this district,

and offered evidence of acts of infringement within this District. Because a substantial part of the events giving rise to WENOs claims occurred in this District, the Court finds that venue is not improper in this District.

### III. CONCLUSION

For the reasons contained herein, the Court **DENIES** Redwood's Motion to Dismiss for lack of personal jurisdiction and improper venue. This case will remain assigned to the docket of the Honorable Alan D Albright.

SIGNED this 18th day of November, 2020.

_____
**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**